# IN RE ASSESSMENT OF INCOME TAXES, HONO-LULU RAPID TRANSIT AND LAND COMPANY.

APPEAL FROM TAX APPEAL COURT, OAHU.

# IN RE ASSESSMENT OF PROPERTY TAXES, HONO-LULU RAPID TRANSIT AND LAND COMPANY.

CROSS APPEALS FROM TAX APPEAL COURT, OAHU.

ARGUED OCT. 12, 16, 17, 1906.          DECIDED OCT. 17, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

INCOME TAXES—*depreciation of property not deductible.*

In estimating the amount of taxable net income depreciation of property due to climate and wear and tear is not deductible under the head of losses actually sustained or incurred. Expenses for repairs or replacements when actually made may be deductible under the head of necessary expenses actually incurred.

ID.—*sinking fund not deductible.*

In estimating the net income of the corporation in question for the purposes of taxation, there cannot be deducted the amount which the corporation is permitted by its franchise act to set aside as a sinking fund (besides operating expenses and an 8% dividend) before dividing equally with the Territory the balance of the income.

PROPERTY TAXES—*"capital issues" do not include bonds.*

"Capital issues" do not include bonds, in a statutory provision that the combined property of every corporation holding a public utility franchise other than such as are required to pay the Territory a percentage of its gross income shall be assessed at not less than the total amount of the "par value of the capital issues emitted" by it.

ID.—*franchise taxable.*

The franchise of the corporation in question is not excluded or exempt from taxation by the Territory either under the provisions of the franchise act or as being a federal franchise.

TAX APPEAL—*powers of this court not restricted by action of tax court.*

This court may assess the property of a corporation as combined property even if the tax appeal court assessed it as separate items. The appeal is general.

### ORAL OPINION.

The first of these cases relates to the income taxes for the latter half of the year 1905 of the Honolulu Rapid Transit and Land Company, which conducts an electric street railway in Honolulu and whose franchise expires in 1928. The company returned its gross income for the half year at $169,296.82 and deductions at $180,822.67 leaving no net income for taxation. Among the deductions was an item of $40,925.43 under the head of "losses otherwise actually incurred" as having been written off at the end of the year for depreciation of property during the entire year due to climatic and other conditions of wear and tear and not included in "necessary expenses actually incurred" in carrying on the business or for repairs, etc. The assessor disallowed this item, thereby leaving a net income of $29,409.58 for taxation, and the company appealed. Since this item was for depreciation during the entire year and since half of it if allowed for the half year in question would still leave a net income, the company endeavored to show before the tax appeal court that the actual depreciation for the year amounted to $57,827, which was the aggregate of various percentages estimated as depreciation on different portions of the property. It contended also that it was entitled to deduct $45,510.68 as "sinking fund," although it had not actually set aside that as sinking fund or claimed any such deduction in its return. This contention was based on section 17 of its franchise act (Rev. Laws, Sec. 851), which provides that the company may charge upon its income (1) operating expenses, etc., (2) dividends not exceeding 8 per cent., (3) *a sinking fund* for the redemption of bonds or other record debt and the capital upon the expiration of the franchise, (4) the excess of income to be divided equally between the Territory and the stockholders, (5) a quarterly account to be rendered by the corpora-

tion. The contention was that it would be a violation of the franchise not to allow a deduction for a sinking fund for the purposes of taxation. The tax appeal court sustained the assessor and the company appealed to this court.

The second of these cases relates to the property taxes of the same company assessable as of January 1, 1906. The company returned its property as separate items aggregating in value $752,972.58, less an exemption amounting to $8,930.81, leaving a net valuation of $744,041.77 for taxation. It made no return of its property as a whole valued as property combined and made the basis of an enterprise for profit. The assessor added new items not returned and increased the values of certain items returned separately, the only change of much consequence being the addition of an item of $500,000 for the franchise of the corporation, and then assessed the entire property as a whole at $1,831,000, which was the amount of the company's stock and bonds less $9,000 exemption. He contended that he was required to do this by section 1216 of the Revised Laws as amended by Act 88 of the Laws of 1905, which provides that the combined property of a corporation of this class shall be assessed at not less than the total amount of the "par value of the capital issues emitted" by it, the contention contra being that "capital issues" within the meaning of this statute does not include bonds and also that whether it includes bonds or not the statute is unconstitutional as placing an arbitrary valuation upon the property and making unreasonable discriminations. The tax appeal court held that capital issues did not include bonds and reduced the valuation below the assessment and the assessor appealed to this court. The tax court did not pass on the validity of the act, in case capital issues should be held to include stock, because it placed the valuation of the property at an amount greater than the capital stock of the company.

On the question of actual value, that is, aside from the provisions of the act just referred to, the assessor at the hearing before the tax court introduced evidence of new items and

increased valuations of old items, the result of which showed a total valuation of $1,458,000, and showed further that practically the same result would be reached by taking the aggregate of the stock and bonds less the exemption, namely, $350,000 of preferred stock at the market value of $101.50 per share, $800,000 of common stock at $66 less ten per cent., and the bonds, $690,000, at their par value, their market value being greater, and deducting the exemptions of about $9000, and referred to the decision of this court in 16 Haw. 802, rendered last year affirming an assessment of $1,351,015.95. The company contended, among other things, that the franchise was not taxable under the provisions of the franchise act, particularly section 17 above referred to, and section 30 (Rev. Laws, Sec. 865), which provides that the company's property shall not be liable to internal taxation while the railway is under construction provided that as fast as completed the completed portions shall become liable to such taxation; and also that the franchise was not taxable by the Territory for the reason that it was a federal franchise, inasmuch as the original franchise act, though enacted by the legislature of the Republic of Hawaii, was void because not approved by the president of Hawaii until the day, July 7, 1898, on which congress passed the joint resolution annexing these islands to the United States, and was validated only by the provision made by congress in section 73 of the organic act of the Territory ratifying, subject to the approval of the president, all dispositions of the public domain and all franchises granted by the Hawaiian government in conformity with the laws of Hawaii between July 7, 1898, and September 28, 1899, and by the approval of the president in pursuance of that provision. The tax appeal court held that the franchise was taxable and fixed the several items of the company's property at such values as to aggregate $1,360,473.77, and found also that the value of the property taken as a whole would be not far from that amount and accordingly fixed the valuation at $1,360,000. The company appealed to this court for a reduction from this amount on the grounds urged by it before the

tax court, and contends further that the tax court, upon a proper construction of its decision, based its ultimate finding solely upon the valuations of the property regarded as separate items, and that this court cannot now base its decision upon the valuation of the property as a whole.

The foregoing statement of the case was prepared by the chief justice, who, at the close of the argument, the court not calling upon the assessor on the company's appeal in the second case, rendered the opinion of the court orally as follows:

FREAR, C. J.    There are two cases before the court, one involving the income tax and the other the property tax of the Honolulu Rapid Transit and Land Co., there being cross appeals in the latter case.

In the first case two questions are raised. One is whether the company may write off a certain amount annually for depreciation in its property—in cases in which repairs cannot be made annually, as where certain portions of the property are used for a number of years before it completely wears out and requires replacing. In the opinion of this court this cannot be done. Such depreciation does not come under "losses actually sustained or otherwise actually incurred during the year," within the meaning of the statute on income taxes. If this loss may be deducted at all, it is when the repairs are made or the property replaced by substituting new property for it. It would then come within the provision of the statute allowing a deduction of "necessary expenses actually incurred," etc. This ruling is required by implication at least from the reasoning of the court in the *Hawaiian Commercial* case, 14 Haw. 601 and, on rehearing, 687, and by the case there cited from the United States Supreme Court, *Grant v. Hartford & N. H. Ry. Co.,* 93 U. S. 225.

The court is clearly of the opinion that the other point also is not well taken—that an amount may be deducted for a sinking fund. That provision of the statute—relating to a sinking fund—was inserted merely with a view to ascertaining in what income the government should participate, not with a view to

making the sinking fund a deductible amount for purposes of taxation any more than would be the case with any other company or corporation which might set aside a sinking fund as a good business proposition.

We now come to the second case, that involving the property tax, taking up first the appeal of the assessor. This, as we understand it, is based upon the statute enacted by the legislature of 1905, act 88, which provides that "the combined property of every corporation holding a public utility franchise and occupying the public streets or highways of the Territory, other than any such corporation that by the terms of its franchise is required to pay a percentage of its gross income to the Territory, shall be valued and assessed at not less than the total amount of the par value of the capital issues emitted by such corporation." The court is of the opinion that the phrase "capital issues" is of such ambiguity and uncertainty that it ought not to be held to include bonds issued by a corporation or other evidences of indebtedness. There is no doubt that statutes of this nature should be construed strictly. That has often been held by this court—there are a great many cases in the Hawaiian reports as well as elsewhere—and it is particularly applicable in a case like this in which there is at least very grave doubt as to the constitutionality of the statute.

In view of this ruling and other rulings that we are about to make it will be unnecessary to go into the question of the constitutionality of the statute.

Coming to the appeal of the taxpayer, the main question is whether the franchise is taxable. We see nothing in the act itself which would exclude the franchise from taxation. The imposition of a property tax upon the combined property of the company, including the franchise, would not be inconsistent with the franchise itself or the provisions of sections 17 and 30 of the franchise act. The court is also of the opinion that this is not a federal franchise such as could not be taxed by the Territory. The franchise act was passed by the Republic of Hawaii, and congress, if its act (section 73 of the organic act)

touches this at all—we do not mean to question that—simply ratified what had already been done. Its ratification was nothing more in effect than a previous authorization would have been. There certainly could not have been an intention on the part of congress to grant a special franchise in the nature of other special franchises granted by it so as to take it out of the jurisdiction of the Territory of Hawaii for purposes of taxation.

So far as the actual value found by the tax appeal court is concerned, we see no reason to alter it. The amount is only slightly greater than was fixed by this court in a previous case, and the property, all things considered—the combined property—seems to be worth that amount from whatever standpoint we look at it. Certainly, considering the amount of the bonds and stock, the latter at a fair valuation, we would be justified in fixing that amount.

Mr. Justice Hartwell suggests that I may have implied that the court meant to hold that in the act of 1905 the phrase "capital issues" includes stock although we do not hold that it includes bonds. We, at least speaking for myself and for Mr. Justice Wilder, express no opinion upon that question.

HARTWELL, J. My own opinion is that the phrase appears absolutely insensible. It is the most elusive phraseology that I have ever tried to interpret. Some people seem to understand what it means, but I think that is because they know, but as I do not know what was intended by "capital issues emitted" there seems to me to be an absolute confusion of thought.

FREAR, C. J. There is a further point that I did not refer to. The case is before this court on general appeal and the court can make the assessment on the basis of an enterprise for profit.

*M. F. Prosser, Deputy Attorney General, (E. C. Peters, Attorney General,* on the briefs) for the Tax Assessor.

*D. L. Withington (Castle & Withington* on the briefs) for the taxpayer.

*S. M. Ballou (Ballou & Marx* on the brief) also for the taxpayer in the second case.